**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RIAZ AHMED SHAD                                    **Docket No:** 1:23-cv-10724-GHW-SDA
and MONROE PLACE ASSOCIATION,

                                        Plaintiffs,

                    - against -

ZACHTER PLLC, JEFFREY STEVEN ZACHTER,
PLATINUM COURIER SERVICE, MIKE SORNBERGER,
and RPG OCEAN HOLDINGS, LLC
d/b/a OCEAN LENDING GROUP,

                                        Defendants.
_____/

**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS ZACHTER PLLC'S**
**AND JEFFREY STEVEN ZACHTER'S MOTION TO DISMISS**

Tariq Law PC
**Attorney for Plaintiffs**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ......................................................................................1

FACTUAL BACKGROUND .......................................................................................4

    I.    Zachter Defendants Obtained a Faulty Default Judgment Based on a Fraudulent Affidavit of Service ..................................................................................4

    II.    The State Court Action ...........................................................................5

    III.    Removal to this Court ............................................................................6

    IV.    Zachter Defendants' Past Behavior Shows a Pattern of Fraud, Misrepresentation, and Abuse of their Power as Attorneys..............................................6

LEGAL STANDARD.................................................................................................7

ARGUMENT ..........................................................................................................8

    I.    The Pecile Immunization Shield Cannot Apply in the Present Action Because There Are Clear Allegations of Fraud, Collusion, Malice, and Bad Faith .......................8

    II.    Plaintiff's Fraud Claim Must Stand Because it is Entirely Consistent with the Standard Stipulated by FRCP 9(b)..........................................................................9

    III.    Plaintiffs' Conversion Claim Must Stand Because Plaintiffs Have an Immediate Superior Right of Possession to the Subject Account Through Having the "Right to Use and Possess the Property" And Because Zachter Defendants Are Withholding Plaintiff MPA's Funds, Even After Their Legal Basis to The Funds Was Extinguished Via a Court Order. Alternatively, If Plaintiff Mr. Shad Does Not Have an Immediate Superior Right of Possession, Zachter Defendants Garnishment of the Subject Account Gives Rise to Wrongful Garnishment Claims..............................................10

    IV.    Plaintiffs' Judiciary Law § 487 Must Stand Because It Is Entirely Consistent with the Particularity Standard Stipulated by FCPR 9(b) And Alleges an Orchestrated Scheme to Obtain a Default Judgment..............................................................13

    V.    Zachter Defendants Owe Duties to Plaintiffs Because There Are Clear Allegations of Fraud, Collusion, Malice, and Bad Faith. ...............................................16

    VI.    Plaintiffs' IIED Claim Must Stand Because Zachter Defendants' Conduct Satisfies the "Extreme and Outrageous" Standard, and There is No Case Law That Stipulates That a Singular Allegation of IIED Cannot Meet Reach the "High Bar" For An IIED Claim. ..................................................................................................18

    VII.    Plaintiffs' Civil Conspiracy Claim Must Stand Because Plaintiff's Allegations Duly Satisfy the Requisite Elements of This Claim, And There Is Scienter of This Fraudulent Scheme Because Zachter Defendants Are Illegally Refusing To Return These Funds. .........................................................................................20

CONCLUSION.......................................................................................................22

## **TABLE OF AUTHORITIES**

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939 (2009) ...............................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).......7

*Benemann v. Citibank N.A.*, 149 A.D.3d 586 (1st Dep't 2017) ...........................................16, 17

*Bergeron v. Rochester Inst. of Tech.*, No. 20-CV-6283 (CJS), 2020 U.S. Dist. LEXIS 241125, at *1 (W.D.N.Y. Dec. 18, 2020) ...............................................................................................11

*Bryant v. Silverman*, 284 F. Supp. 3d 458, 469 (S.D.N.Y. 2018) .............................................14

*Cole v. Evans*, 2021 N.Y. Misc. LEXIS 2935, *3 .......................................................................11

*Dana v. Oak Park Marina*, 230 A.D.2d 204, 206, 660 N.Y.S.2d 906, 908 (App. Div. 4th Dept. 1997) ............................................................................................................................................19

*Epiphany Community Nursery Sch. v Levey*, 171 A.D.3d 1, 4.....................................................9

*ExpertConnect, L.L.C. v. Fowler*, 2019 U.S. Dist. LEXIS 114931, *23 (S.D.N.Y. 2019)...........20

*Freedom Holding, Inc. v. Haart*, 2022 NY Slip Op 22225, ¶ 2, 76 Misc. 3d 746, 748, 172 N.Y.S.3d 873, 877 (Sup. Ct.) ...................................................................................................11

*Gill v Dougherty*, 2019 N.Y. Misc. LEXIS 16995, *1 .................................................................14

*Greene v. People's Neighborhood Bank, People's Sec. Bank & Tr. Co.*, 2021 NY Slip Op 00465, ¶ 2, 190 A.D.3d 1205, 1208, 141 N.Y.S.3d 163, 166 (App. Div. 3rd Dept.) .................11, 12

*Hebrew Inst. For the Deaf & Exceptional Children v Kahana*, 57 A.D.3d 734, 735 (2d Dep't 2008) ............................................................................................................................................20

*Klein v. Metro. Child Servs., Inc.*, 2012 NY Slip Op 7636, ¶ 1, 100 A.D.3d 708, 709, 954 N.Y.S.2d 559, 560 (App. Div. 2nd Dept.) ...............................................................................18

*Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 391 (E.D.N.Y. 2011) ........................16

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 163 (2d Cir. 2015) .....9

*McCollum v. Baldwin*, No. 22-cv-7328 (ER), 2023 U.S. Dist. LEXIS 149517, at *25 (S.D.N.Y. Aug. 22, 2023) ...........................................................................................................................20

*Michalic by Nakovics v. Klat*, 128 A.D.2d 505, 506, 512 N.Y.S.2d 436 (2d Dep't 1987).........16

*Moore Charitable Found. v. PJT Partners, Inc.*, 2023 NY Slip Op 03185, ¶ 1, 40 N.Y.3d 150, 152, 195 N.Y.S.3d 436, 439, 217 N.E.3d 8, 11.......................................................................16

*Pecile v. Titan Capital Grp., LLC*, 2012 NY Slip Op 4837, ¶ 1, 96 A.D.3d 543, 544, 947 N.Y.S.2d 66, 67 (App. Div. 1st Dept.) ..................................................................................8, 9

*Scott v. Fields*, 2011 NY Slip Op 5043, ¶ 1, 85 A.D.3d 756, 756, 925 N.Y.S.2d 135, 136 (App. Div. 2nd Dept.) ..........................................................................................................................10

*Shawe v. Elting*, 2018 NY Slip Op 03644, ¶ 1, 161 A.D.3d 585, 586, 77 N.Y.S.3d 400, 401 (App. Div. 1st Dept.)..................................................................................................................15

*Snyder v. Puente De Brooklyn Realty Corp.*, 297 A.D.2d 432, 432, 746 N.Y.S.2d 517, 519 (App. Div. 3rd Dept. 2002).......................................................................................................21

*Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 428-429 (S.D.N.Y. 2010).............15

*Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 563 (2d Cir. 2016) ..............................................................................................................................................8

*Williams v. Biggs*, 2021 N.Y. Misc. LEXIS 36387, *26 ..............................................................14

*Zachmann v. Coleman Co.*, 2022 U.S. Dist. LEXIS 8649, *16-17 (S.D.N.Y. 2022)....................9

<u>Statutes</u>

Judiciary Law § 487 ..................................................................................................i, 1, 3, 13, 15

<u>Rules</u>

Federal Rule of Civil Procedure 12(b)(6).........................................................................7
Federal Rule of Civil Procedure 9(b)........................................................................2, 9, 10
Rule 1.1 ...........................................................................................................................17
Rule 4.4(a) .......................................................................................................................17
Rule 8.4 ............................................................................................................................17

Plaintiffs Riaz Ahmed Shad and Monroe Place Association (hereinafter the "Plaintiffs") respectfully submit this memorandum of law in support of their Opposition to Defendants Zachter PLLC's and Jeffrey Steven Zachter's (hereinafter the "Zachter Defendants") Motion to Dismiss (DE Nos. 11-13).

## PRELIMINARY STATEMENT

In Plaintiffs' Amended Complaint, Plaintiffs stipulate seven causes of action against Zachter Defendants – fraud, conversion, violation of NY Judiciary Law § 487, negligence, intentional infliction of emotional distress, civil conspiracy, and unjust enrichment. It is entirely unclear as to why Zachter Defendants state that Plaintiffs are only seeking compensation from co-defendant RPG Ocean Holdings, LLC ("RPG"), as Plaintiffs' Amended Complaint clearly mandates compensation from Zachter Defendants. For example, for Plaintiffs' conversion cause of action, "Zachter, Mr. Zachter, and RPG are liable to Plaintiffs for the amount of $100,000.00" and again for Plaintiffs' negligence cause of action, "Zachter, Mr. Zachter, RPG, Platinum Courier, and Mr. Sornberger are liable to Plaintiff for the amount of $100,000.00." Additionally, Plaintiffs are seeking for Zachter Defendants to instruct RPG to return the wrongfully seized funds to Plaintiff MPA. Zachter Defendants have not done so – even after receiving a court order by the Honorable Judge Aija Tingling. J.C.C. extinguishing the legal basis to garnish Plaintiff MPA's account.

Immediately, Zachter Defendants state that "[a]ll of the conduct alleged against the Zachter Defendants is alleged conduct performed in their capacity as attorneys for defendants RPG" and thereby is barred by the well-settled rule that an attorney

representing a party will not be liable to a third-party in providing legal services **absent fraud, collusion, malice, or bad faith**. However, the reason why these causes of action cannot be barred is because Plaintiffs' **Amended Complaint clearly contains allegations of fraud, collusion, and bad faith**. As will be discussed further, the shield set forth by *Pecile* cannot apply in the present action for this reason.

Plaintiffs' First Cause of Action must stand because it entirely conforms to the standard stipulated by Federal Rule of Civil Procedure 9(b): (1) it specifies the statements that Plaintiffs contend were fraudulent, (2) it identifies the speaker, (3) it states where and when the statements were made, and (4) it explains why the statements were fraudulent.

Plaintiffs' Second Cause of Action must stand because Plaintiffs have an immediate superior right to the subject Wells Fargo account ("the subject account") restrained. In property law, the right of possession is defined as the right of a person to possession of property, giving the owner to use and possess the property. Plaintiffs' Amended Complaint clearly stipulates that Plaintiff Mr. Shad is the president of a homeowners' board association named the Monroe Place Association, which also appears as a party in the present action as Plaintiff MPA. Plaintiffs' Amended Complaint further stipulates that the subject account is under Plaintiff Mr. Shad's name (along with Plaintiff MPA's treasurer, Zeena Dawson's and secretary, John's Straight's names), that Plaintiff MPA is the sole entity that owns the subject account, and that funds in the subject account were **not** Plaintiff Mr. Shad's personal funds. Therefore, Plaintiff Mr. Shad has the "right to use and possess the property," constituting the immediate superior right of possession. Further, Zachter Defendants have exercised unauthorized dominion over the

property by refusing to return it to Plaintiff MPA – even after receiving a court order extinguishing Zachter Defendants' legal right to restrain the funds.

In the alternative, if Zachter Defendants claim that Plaintiff did not have "legal ownership or an immediate superior right of possession to a specific identifiable thing" succeeds, this will immediately give rise to a wrongful garnishment claim – in which Zachter Defendants did not have the legal right to garnish Plaintiff MPA's subject account because their Restraining Notice to Garnishee and Information Subpoena cited Plaintiff Mr. Shad as the account owner, and not Plaintiff MPA.

Plaintiffs' Third Cause of Action must stand because this Court has found orchestrated schemes to obtain default judgment sufficient to state claims under Judiciary Law § 487. In Plaintiffs' Amended Complaint, Plaintiffs provide adequate support for Plaintiffs' Section 487 claim by alleging that Zachter Defendants intentionally filed fraudulent affidavits of service to obtain default judgments, as well as citing previous allegations in similar matters, in which they are named as defendants.

Plaintiffs' Fourth Cause of Action must stand because there are clear duties under the Model Rules of Professional Conduct for Attorneys, which Zachter Defendants are subject to. Additionally, the no duty of care to third-parties shield which Zachter Defendants stipulate cannot apply here because again, Plaintiffs' Amended Complaint alleges fraud, collusion, malice, and bad faith.

Plaintiffs' Fifth Cause of Action must stand because Plaintiffs' Amended Complaint clearly alleges the requisite elements for an intentional infliction of emotional distress cause of action. These requisite elements are: 1) extreme and outrageous conduct,

3

2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress, 3) a causal connection between the conduct and injury, and 4) severe emotional distress.

Plaintiffs' Sixth Cause of Action must stand because Plaintiffs' Amended Complaint clearly alleges several underlying torts which Zachter Defendants committed (fraud, conversion, negligence, and intentional infliction of emotional distress). Furthermore, Plaintiffs' civil conspiracy claim satisfies the necessary pleading standard stipulated by relevant case law – Plaintiffs allege facts which support an inference that Zachter Defendants knowingly agreed to cooperate in a fraudulent scheme or shared a perfidious purpose. Additionally, scienter for this claim is established through Zachter Defendants' intentional refusal to return Plaintiff MPA's funds.

All six of the above causes of action must stand for the following reasons.

## FACTUAL BACKGROUND

### I.  Zachter Defendants Obtained a Faulty Default Judgment Based on a Fraudulent Affidavit of Service

On February 27, 2020, RPG filed suit against Plaintiff Mr. Shad, named *RPG Ocean Holdings, LLC DBA Ocean Lending Group v. Riaz Ahmed Shad* (CV-004329-20/NY). In this case, Zachter Defendants filed a suit against Plaintiff for their client, RPG, a third-party debt collector. Zachter Defendants' affidavit of service listed an address that **did not exist**. Further, Zachter Defendants were furnished with this exact affidavit of service and **were therefore aware, or should have been aware**, that the affidavit of service listed a non-existent address. It is no surprise that Plaintiff Mr. Shad did not receive the Summons and Complaint. Therefore, on November 9, 2021, a default judgment was entered against

Plaintiff Mr. Shad because Plaintiff Mr. Shad did not appear in court. Zachter Defendants **at no point** bother or cared to realize that the affidavit of service contained a non-existent address, even after being furnished with the affidavit of service and Plaintiff Mr. Shad not appearing in court or respond to any communications made by Zachter Defendants on behalf of RPG. In fact, Zachter Defendants seem to double down on the fact that they received the affidavit of service stating, "Zachter Defendants were furnished with an affidavit of service by Platinum…" Zachter Defendants seemingly never once thought to double-check or verify that the affidavit of service was accurate, even after obtaining the default judgment against Plaintiff Mr. Shad and receiving no communications from Plaintiff Mr. Shad.

After obtaining the default judgment, RPG, through Zachter Defendants, issued a Restraining Notice on Plaintiff MPA's subject account to collect on the default judgment. Zachter Defendants' Restraining Notice garnished monies in the amount of $21,260.90 out of Plaintiff MPA's account and into RPG's account. Pursuant to Zachter Defendants' Restraining Notice, Plaintiff Mr. Shad filed a Motion to Vacate the default judgment granted in the initial suit. Not surprisingly, Plaintiff Mr. Shad's Motion to Vacate was granted by Judge Tingling, meaning that RPG and Zachter Defendants currently have no legal basis to hold Plaintiff MPA's funds. **However, Plaintiff MPA has not yet received its wrongfully seized funds.**

## II.     The State Court Action

On June 12, 2023, Plaintiffs filed an action against Zachter Defendants in the Supreme Court of New York, named *Riaz Ahmed Shad et. Al. v. Zachter PLLC, et. al.*

(155287/2023) (the "State Court Action") via Summons and Complaint (the "Complaint") (Dkt. No. 1-1). This complaint, and the Amended Complaint filed after it, stipulate a variety of causes of action, stemming from the primary allegation that Zachter Defendants filed a fraudulent affidavit of service to obtain a faulty default judgment, engaging in "sewer service." There are several facts in the Amended Complaint that support this allegation: the address on the affidavit of service **does not exist**, Zachter Defendants refused to produce relevant documents to the undersigned, the Restraining Notice to Garnishee and Information Subpoena cites the wrong venue (the Supreme Court of the State of New York instead of the Civil Court of New York), and Zachter Defendants are being sued in a different matter (*Elghassal, et al. v. Zachter PLLC, et al.*) for similar allegations: production of a fraudulent information subpoena to obtain a faulty default judgment.

### III.    Removal to this Court

On December 5, 2023, Plaintiffs filed a Stipulation of Discontinuance to discontinue Platinum Courier Service and Mike Sornberger, who were citizens of Minnesota, from the State Court Action. On December 8, 2023, Zachter Defendants removed the State Court Action to this Court.

### IV.    Zachter Defendants' Past Behavior Shows a Pattern of Fraud, Misrepresentation, and Abuse of their Power as Attorneys

Zachter Defendants have exhibited a pattern of the aforementioned fraudulent behavior, as they are named as defendants in a Supreme Court of the State of New York matter, *Mohammad Elghassal, et al. v. Zachter PLLC, et al.* (157165/2019) (the "Elghassal matter"). *See* **Exhibit A**. The *Elghassal* matter alleges that Zachter Defendants produced a

"clearly fraudulent" information subpoena and engaged in "crooked and dubious" actions and "underhanded tactics" in order to get a judgment satisfied. *Id.*

Additionally, Zachter Defendants are also named as defendants in a separate matter, *Regions Bank v. Zachter PLLC et. al.* (EF000966/2022) (the "Regions Bank matter"). *See* **Exhibit B**. The *Regions Bank* matter contains allegations of Zachter Defendants reckless conduct – it alleges that Zachter Defendants named the wrong party in their Restraining Notice. Specifically, it states that "Mr. Zachter and his firm, Zachter PLLC, knew or reasonably should have known that Gus Logistics and Gus Enterprises were, in fact, legally distinct entities…" *Id.* These are comparable allegations to the present action, in which Plaintiffs allege that Zachter Defendants were aware, or should been aware, that the affidavit of service was fraudulent, especially after receiving no communications from Plaintiff Mr. Shad and obtaining a default judgment. Further, Zachter Defendants seem unable to diligently file restraining notices, as in the present action, they listed the wrong venue in which the default judgment was obtained (Civil Court of New York instead of the Supreme Court of the State of New York).

## LEGAL STANDARD

For a complaint to survive a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When considering a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inference in favor of the non-moving party. *See Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 563

(2d Cir. 2016). To withstand a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

For the reasons stipulated, six of Plaintiffs' causes of action in Plaintiffs' Amended Complaint are plausibly plead, and therefore must stand under this standard.

## ARGUMENT

### I.   The Pecile Immunization Shield Cannot Apply in the Present Action Because There Are Clear Allegations of Fraud, Collusion, Malice, and Bad Faith

To begin, Zachter Defendants cite the immunization shield under *Pecile*, which states that attorneys are immunized from liability under the shield afforded attorneys in advising their clients, even when such advice is erroneous in the absence of fraud, collusion, malice or bad faith. *Pecile v. Titan Capital Grp., LLC*, 2012 NY Slip Op 4837, ¶ 1, 96 A.D.3d 543, 544, 947 N.Y.S.2d 66, 67 (App. Div. 1st Dept.). In *Pecile*, the court found that because plaintiff did not allege fraud, collusion, malice or bad faith, the attorneys' actions were "immunized from liability." *Id.* at 67.

The *Pecile* shield simply does not apply in the present action because there are clear allegations of fraud, collusion, malice, and bad faith. In fact, Plaintiffs' First Cause of Action states, "Zachter's, Mr. Zachter's, RPG's, Platinum Courier's, and Mr. Sornberger's actions . . . constitute malice, collusion, and are in bad faith." Additionally, it states, "Zachter, Mr. Zachter, and RPG filed a fraudulent affidavit of service in the underlying

matter." It is entirely unclear as to why Zachter Defendants believe the *Pecile* shield applies in this case when Plaintiff's entire Amended Complaint is based on allegations of fraud, collusion, malice, and bad faith.

**II.    Plaintiff's Fraud Claim Must Stand Because it is Entirely Consistent with the Standard Stipulated by FRCP 9(b).**

Plaintiffs' First Cause of Action must stand because it is entirely consistent with the standard stipulated by FRCP 9(b). To state a claim of fraud, a plaintiff must show 1) a material misrepresentation of a fact, 2) knowledge of its falsity, 3) an intent to induce reliance, 4) and justifiable reliance by the plaintiff and damages. *Epiphany Community Nursery Sch. v Levey*, 171 A.D.3d 1, 4. As Zachter Defendants correctly state, state law fraud claims are subject to the pleading standard set by FCRP 9(b). *See Zachmann v. Coleman Co.*, 2022 U.S. Dist. LEXIS 8649, *16-17 (S.D.N.Y. 2022). FRCP 9(b) states: "In alleging fraud or mistake, a party must state **with particularity** the circumstances constituting fraud or mistake."  To adhere to the particularity standard, the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 163 (2d Cir. 2015).

In the present action, the above elements are thoroughly satisfied. Plaintiffs' Amended Complaint specifies exactly which statements were fraudulent: the affidavit of service listed a non-existent address, and the restraining notice of garnishee and information subpoena listed the wrong venue. The speakers in this case were the individuals who filed the fraudulent affidavit of service: Zachter Defendants. The

fraudulent affidavit of service states that the underlying matter was allegedly served upon Plaintiff Mr. Shad on March 11, 2020, at the non-existent address listed by Zachter Defendants. These statements were fraudulent, as alleged in Plaintiffs' Amended Complaint, because the address is non-existent and therefore Plaintiff Mr. Shad could not have been served there and was in fact not served. Additionally, Zachter Defendants' Restraining Notice of Garnishee and Information Subpoena lists the wrong venue and is therefore fraudulent (the default judgment was obtained from the Civil Court of New York and not from the Supreme Court of the State of New York). Zachter Defendants' Motion to Dismiss conclusively alleges that Plaintiffs' fraud claim is conclusory and insufficient. For the reasons above, these allegations must stand because they duly satisfy the standard set by Rule 9(b). These are not mere conclusory assertions. Further, because these pleadings satisfy Rule 9(b) and thus plead fraud with particularity, the shield set forth by *Pecile* cannot apply here.

III. **Plaintiffs' Conversion Claim Must Stand Because Plaintiffs Have an Immediate Superior Right of Possession to the Subject Account Through Having the "Right to Use and Possess the Property" And Because Zachter Defendants Are Withholding Plaintiff MPA's Funds, Even After Their Legal Basis to The Funds Was Extinguished Via a Court Order. Alternatively, If Plaintiff Mr. Shad Does Not Have an Immediate Superior Right of Possession, Zachter Defendants Garnishment of the Subject Account Gives Rise to Wrongful Garnishment Claims.**

Plaintiffs' Second Cause of Action must stand because Plaintiff has an "immediate superior right of possession to a specific identifiable thing," and "defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of plaintiff's rights…" *Scott v. Fields*, 2011 NY Slip Op 5043, ¶ 1, 85 A.D.3d 756, 756, 925 N.Y.S.2d 135, 136 (App. Div. 2nd Dept.). The two key elements of conversion are (1) plaintiff's

10

possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights. *Freedom Holding, Inc. v. Haart*, 2022 NY Slip Op 22225, ¶ 2, 76 Misc. 3d 746, 748, 172 N.Y.S.3d 873, 877 (Sup. Ct.). Conversion is concerned with plaintiff's superior right of possession of such property, not title ownership. *Id*. In property law, the right of possession is defined as the right of a person to possession of property, giving the owner the **power to use and possess the property**. This right can be non-exclusive, meaning that other people can also have a right of possession to the same property. Unauthorized dominion over property is the denial or violation of the plaintiff's dominion, rights, or possession over her property- meaning that defendant excluded the owner from exercising his/her rights over the goods. *Bergeron v. Rochester Inst. of Tech.*, No. 20-CV-6283 (CJS), 2020 U.S. Dist. LEXIS 241125, at *1 (W.D.N.Y. Dec. 18, 2020). Further, conversion does not occur until the owner makes a demand of a return of the property and the one in possession refuses. *Cole v. Evans*, 2021 N.Y. Misc. LEXIS 2935, *3.

As stated in Plaintiffs' Amended Complaint, Plaintiff Mr. Shad has an immediate superior right of possession to the subject account because the subject account is under Plaintiff Mr. Shad's name (along with Plaintiff MPA's treasurer, Zeena Dawson's and secretary, John's Straight's names), that Plaintiff MPA is the sole entity that owns the subject account, and that funds in the subject account were **not** Plaintiff Mr. Shad's personal funds. Plaintiff Mr. Shad has the "right to use and possess the property," thereby constituting the immediate superior right of possession and satisfying the first element of conversion. Zachter Defendants cite *Greene v. People's Neighborhood Bank, People's Sec.*

11

*Bank & Tr. Co.*, stating that "courts regularly dismiss claims for conversion made by judgment debtors." *See* Doc. 13 at 3. However, in *Greene*, the judgment debtors' funds were **released** upon notification of an order that extinguished the restraining notice. This is why the court granted the motion to dismiss the plaintiff's conversion claim. *See Greene v. People's Neighborhood Bank, People's Sec. Bank & Tr. Co.*, 2021 NY Slip Op 00465, ¶ 2, 190 A.D.3d 1205, 1208, 141 N.Y.S.3d 163, 166 (App. Div. 3rd Dept.). Here, Plaintiff MPA's funds have still not been released upon notification of Judge Tingling's Order, which extinguished the restraining notice. Therefore, there is no basis to dismiss the conversion claim, unlike in *Greene*.

Furthermore, Zachter Defendants are exercising unauthorized dominion over Plaintiff MPA's subject account by denying and violating Plaintiffs (both Plaintiff Mr. Shad's and MPA's) right of possession over the property – excluding the owner (Plaintiff MPA) from exercising its rights over the goods. Even after the legal basis for Zachter Defendants' Restraining Notice has evaporated, Zachter Defendants have refused to instruct RPG to release the funds. In fact, Zachter Defendants have doubled down and stated that "there was **no** 'unauthorized' dominion exercised by Zachter Defendants over the MPA's bank account." Zachter Defendants actions constitute the very definition of unauthorized dominion – from the very moment Zachter Defendants filed the Restraining Notice with Wells Fargo, Zachter Defendants have denied Plaintiffs' lawful right of possession over the subject funds through fraudulent means. In fact, because of Zachter Defendants' conduct, Plaintiffs were unable to finish an important construction

12

project. Plaintiff MPA has demanded for its funds to be rightfully returned, yet Zachter Defendants have refused to do so.

In the alternative, if Zachter Defendants claim that Plaintiff Mr. Shad did not have "legal ownership or an immediate superior right of possession to a specific identifiable thing" succeeds, this will immediately give rise to wrongful garnishment claims. If Plaintiff Mr. Shad did not have the legal ownership or immediate superior right of possession, Zachter Defendants had no legal right to garnish Plaintiff MPA's subject account because their Restraining Notice to Garnishee and Information Subpoena cited Plaintiff Mr. Shad as the garnishee, and not Plaintiff MPA. Under this legal theory, Zachter Defendants had no legal right to garnish Plaintiff MPA's subject account, and thus they wrongfully garnished Plaintiff MPA's subject account and not Plaintiff Mr. Shad's account.

IV.  **Plaintiffs' Judiciary Law § 487 Must Stand Because It Is Entirely Consistent with the Particularity Standard Stipulated by FCPR 9(b) And Alleges an Orchestrated Scheme to Obtain a Default Judgment.**

Plaintiffs' Third Cause of Action must stand because Plaintiffs' allegations are entirely consistent with the standard stipulated by FRCP 9(b) and because Plaintiffs' allegations provide adequate support for Plaintiff's Section § 487 claim, based on this Court's case law. NY Judiciary Law § 487 penalizes an attorney or counselor who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party. To state a claim under Judiciary Law § 487, a plaintiff must allege that: (1) an attorney deceived or attempted to deceive or colluded or consented to any deceit or collusion, (2) with the intent to deceive the court or any party, and (3) which

caused damages. *Gill v Dougherty*, 2019 N.Y. Misc. LEXIS 16995, *1. The plaintiff must allege actual knowledge of a false statement to the court or a party that "constitutes criminal deceit under the statute." *Williams v. Biggs*, 2021 N.Y. Misc. LEXIS 36387, *26. As Zachter Defendants correctly state, in New York, courts have held that a claim under the New York Judiciary Law Section 487 "must be pleaded with particularity under the New York analog to Rule 9(b)." *Bryant v. Silverman*, 284 F. Supp. 3d 458, 469 (S.D.N.Y. 2018). The standard detailed above applies again to Plaintiffs' Section 487 claim: "the complaint must (1) detail the statements that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *See id*. To reiterate the arguments made above, the allegations made in Plaintiffs' Judiciary Law § 487 satisfy the corresponding heightened pleading standard set forth by FRCP 9(b). Plaintiffs' Amended Complaint details which statements were fraudulent: "Defendants Zachter and Mr. Zachter were engaged in intentionally deceiving Plaintiffs by intentionally filing a fraudulent affidavit of service with a non-existing address, wrongfully obtaining a default judgment." The complaint specifies the speakers of the statements: Zachter Defendants. The fraudulent statements were made on the affidavit of service and were made when Zachter Defendants enforced the default judgment against Plaintiff Mr. Shad – even though Zachter Defendants were aware, or should have been aware, that the default judgment was obtained using a faulty affidavit of service. Plaintiffs' Amended Complaint stipulates that the statements were fraudulent because "[t]his was a scheme orchestrated by Zachter and Mr. Zachter to not only deceive Plaintiff, but also the court."

14

Further, Zachter Defendants misstate the holding and application of *Shawe v. Elting*, stating that "a **single** alleged act of deceit is not sufficiently egregious to support a claim under NY Judiciary Law § 487." In this case, the court held that the single action of a filing of a **baseless** counterclaim was not sufficiently egregious to support a claim under Judiciary Law § 487. *See Shawe v. Elting*, 2018 NY Slip Op 03644, ¶ 1, 161 A.D.3d 585, 586, 77 N.Y.S.3d 400, 401 (App. Div. 1st Dept.). However, this case does not imply that if a complaint alleges a **singular** act of deception, this automatically means that the conduct alleged is not sufficiently egregious to state a claim under Judiciary Law § 487. Therefore, Zachter Defendants' assertion that Plaintiff's allegations must fail because there "is only one act" alleged is not supported by any law.

This Court has found allegations of orchestrated schemes to obtain a default judgment sufficient to state claims under Judiciary Law § 487. *See Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 428-429 (S.D.N.Y. 2010). In *Sykes*, the Court found that plaintiffs provided adequate support for their Section 487 claim where plaintiffs alleged that defendant intentionally filed fraudulent affidavits of service to obtain default judgments. *Id*. Based on *Sykes*, we have sufficient support to bring Plaintiffs' claim because Plaintiffs allege that Zachter Defendants engaged in a scheme to obtain a faulty judgment, evidenced by the affidavit of service with the non-existent address and Zachter Defendants refusal to return the illegally withheld funds. Additionally, the inference of an orchestrated scheme is supported by Plaintiffs' Amended Complaint: "Zachter's and Mr. Zachter's process server was allegedly unavailable **twice** for the traverse hearing held to vacate the default judgment against Plaintiff Mr. Shad."

15

**V.     Zachter Defendants Owe Duties to Plaintiffs Because There Are Clear Allegations of Fraud, Collusion, Malice, and Bad Faith.**

Plaintiffs' Fourth Cause of Action must stand because there are duties stipulated by the Rules of Professional Conduct which Zachter Defendants are subject to. The elements of a negligence claim in New York are: 1) a duty owed to the plaintiff by the defendant, 2) a breach of that duty, and 3) injury proximately resulting therefrom. *Moore Charitable Found. v. PJT Partners, Inc.*, 2023 NY Slip Op 03185, ¶ 1, 40 N.Y.3d 150, 152, 195 N.Y.S.3d 436, 439, 217 N.E.3d 8, 11. Zachter Defendants crucially misstate the holding of *Lane v. Fein* which stipulates that an attorney does not owe duties to third parties. New York courts do not recognize any liability on the part of an attorney to a nonclient third party for injuries sustained as a result of an attorney's actions in representing their client **absent fraud, collusion, or a malicious or tortious act**. *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 391 (E.D.N.Y. 2011); *quoting Michalic by Nakovics v. Klat*, 128 A.D.2d 505, 506, 512 N.Y.S.2d 436 (2d Dep't 1987). Again, in this case, we are clearly alleging fraud, collusion, and a malicious and tortious act through alleging that Zachter Defendants intentionally filed a fraudulent affidavit of service to obtain a default judgment, as well as other allegations of fraud. Therefore, the no duty of due care to third parties shield cannot apply here.

Zachter Defendants then cite *Benemann v. Citibank N.A.*, 149 A.D.3d 586 (1st Dep't 2017), stating that New York courts have dismissed negligence claims brought on the basis on restraining notices issued by defendants. Again, Zachter Defendants crucially leave out that the court in this case found that there were no "allegations of (the defendants) 'fraud, collusion, malice or bad faith." *Benzemann v. Citibank N.A.*, 2017 NY

Slip Op 03057, ¶ 1, 149 A.D.3d 586, 586, 53 N.Y.S.3d 33, 34 (App. Div. 1st Dept.). This is why the court found that the defendant and his law firm did not owe a duty to plaintiff. *See id*. Once again, Plaintiffs are clearly alleging fraud, collusion, malice and bad faith in Plaintiffs' Amended Complaint. Therefore, the liability shield stipulated in *Benemann* and *Lane* cannot apply here. Further, in *Benemann*, the defendants had a legal basis to restrain Plaintiffs funds. Here, Zachter Defendants legal basis to withhold Plaintiff MPA's funds has been extinguished because the default judgment has been vacated via a court order. Therefore, the negligence claim can be brought.

Establishing Zachter Defendants owe a duty to Plaintiffs because Plaintiffs' Amended Complaint alleges fraud, collusion, and malice/bad faith, Plaintiffs' Amended Complaint stipulates various duties that are promulgated by the Model Rules of Professional Conduct, a set of ethical guidelines and standards for attorneys in the United States. These duties are established by Rule 4.4(a), stating: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." Rule 8.4 states: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice." Rule 1.1 states: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Zachter Defendants violated these duties to Plaintiffs by obtaining a faulty default judgment through the filing of a fraudulent affidavit of service,

17

and by not acquiring the necessary competence to dispatch the corresponding court orders correctly (such as the Restraining Notice). Zachter Defendants did not at any point verify that the affidavit of service contained the correct information, especially after Plaintiff Mr. Shad failed to appear and communicate with Zachter Defendants. Even now, Zachter Defendants are refusing to return the funds back to Plaintiff MPA, or at the very minimum instruct RPG to return the wrongfully seized funds. There was significant injury stemming from Zachter Defendants conduct: Plaintiff Mr. Shad has faced significant reputational harm as the president of the homeowner's association and a construction project had to be put on hold because Plaintiff MPA's funds were withdrawn through fraudulent means.

## VI.   Plaintiffs' IIED Claim Must Stand Because Zachter Defendants' Conduct Satisfies the "Extreme and Outrageous" Standard, and There is No Case Law That Stipulates That a Singular Allegation of IIED Cannot Meet Reach the "High Bar" For An IIED Claim.

Plaintiffs' Fifth Cause of Action must stand because it duly satisfies the requisite elements needed for an intentional infliction of emotional distress claim. To state a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress. *Klein v. Metro. Child Servs., Inc.*, 2012 NY Slip Op 7636, ¶ 1, 100 A.D.3d 708, 709, 954 N.Y.S.2d 559, 560 (App. Div. 2nd Dept.). The subject conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id.* Furthermore, conclusory assertions are insufficient to set forth a cause of action sounding in the

intentional infliction of emotional distress. *Id*. Further, a complaint alleging that defendants acted recklessly and with utter disregard that the plaintiff and others would be harmed, humiliated and suffer extreme mental anguish and distress alleges that defendants disregarded a substantial probability of causing severe emotional distress. *Dana v. Oak Park Marina*, 230 A.D.2d 204, 206, 660 N.Y.S.2d 906, 908 (App. Div. 4th Dept. 1997).

As stated in Plaintiffs' Complaint, Zachter Defendants wrongfully seized funds using a fraudulent affidavit of service, causing extreme financial difficulties for Plaintiffs. Even after receiving a court order extinguishing Zachter Defendants' legal right to withhold the funds, Zachter Defendants intentionally caused harm and acted recklessly by failing to correct their error and refusing to return the funds. Further, Zachter Defendants listed the wrong venue on their Restraining Notice to Garnishee and Information Subpoena and refused to provide the undersigned with the relevant documents regarding this default judgment. Further, Zachter Defendants have exhibited a pattern of this type of behavior, namely filing fraudulent documents to deceive the court and innocent victims. Due to Zachter Defendants' conduct, Plaintiff Mr. Shad suffered extreme stress; as President of the MPA, he had to 1) open a different account for Plaintiff MPA with a different bank, 2) he had to make sure Plaintiff MPA paid overdraft fees and late fees, and 3) he had to request that contractors cease roofing work, all due to the restraint on the subject account. Plaintiffs are also sustaining a **continuous injury** because the funds continue to be withheld. This is truly conduct that goes "beyond all possible bounds of decency" and is "utterly intolerable in a civilized society."

Again, Zachter Defendants incorrectly imply that the holding of *McCollum v. Baldwin* is that a **singular** allegation of conduct does not meet the "extremely high bar" required for an intentional infliction of emotional distress claim. The singular allegation of defendant's conduct, **in this specific case**, did not meet the "extremely high bar" of intentional infliction of emotional distress. *See McCollum v. Baldwin*, No. 22-cv-7328 (ER), 2023 U.S. Dist. LEXIS 149517, at *25 (S.D.N.Y. Aug. 22, 2023). However, this case does not state that if a complaint contains a **singular** allegation of misconduct, this automatically means that the allegations do not meet the "high bar" required for an intentional infliction of emotional distress claim. As detailed above, Plaintiffs have adequately alleged why the wrongful restraint of funds of Plaintiff MPA's funds, the fraudulent affidavit of service, and utter recklessness of Zachter Defendants current and past conduct meets the "high bar" required for an intentional infliction of emotional distress claim.

**VII.**  **Plaintiffs' Civil Conspiracy Claim Must Stand Because Plaintiff's Allegations Duly Satisfy the Requisite Elements of This Claim, And There Is Scienter of This Fraudulent Scheme Because Zachter Defendants Are Illegally Refusing To Return These Funds.**

Plaintiffs' Sixth Cause of Action must stand because there is the existence of an underlying tort, as well as the satisfaction of all the elements required for civil conspiracy. As correctly stated by Zachter Defendants, when pleading civil conspiracy, a plaintiff must show: 1) a cognizable tort, coupled with 2) an agreement between the conspirators regarding the tort, and 3) an overt action in furtherance of the agreement. *ExpertConnect, L.L.C. v. Fowler*, 2019 U.S. Dist. LEXIS 114931, *23 (S.D.N.Y. 2019). A claim for civil conspiracy will succeed, or fail, with the underlying tort. *Hebrew Inst. For the Deaf & Exceptional Children v Kahana*, 57 A.D.3d 734, 735 (2d Dep't 2008). When pleading civil

conspiracy, a plaintiff must allege facts which support an inference that defendants knowingly agreed to cooperate in a fraudulent scheme or shared a perfidious purpose. *Snyder v. Puente De Brooklyn Realty Corp.*, 297 A.D.2d 432, 432, 746 N.Y.S.2d 517, 519 (App. Div. 3rd Dept. 2002).

In this case, the primary tort of fraud has been sufficiently plead, with additional torts like conversion, negligence, and intentional infliction of emotional distress. Zachter Defendants state that Plaintiffs have not "alleged a single colorable cause of action." However, for the reasons stated above, Plaintiffs' underlying torts are sufficiently pled and will withstand a motion to dismiss. Therefore, there are underlying torts to support Plaintiffs' civil conspiracy claim.

Zachter Defendants argue that there is no factual detail regarding our "implied agreement" and that our claims are conclusory. However, Plaintiffs' allegations clearly state the facts that support the inference that Zachter Defendants knowingly agreed to corporate in a fraudulent scheme and shared a perfidious purpose. Further, there is scienter in that Zachter Defendants are **refusing to give back Plaintiff MPA's funds**. Plaintiffs' Amended Complaint states: "(Zachter Defendants) engaged in improper service of process and wrongfully froze the Wells Fargo account. Further, they are refusing to return the funds withdrawn from the account." Further, it states, "[f]iling the fraudulent affidavit of service, obtaining a faulty default judgment, and failing to return the wrongfully seized funds despite court orders all constitute overt acts in furtherance of the conspiracy." Zachter Defendants orchestrated a scheme to obtain a default judgment, further backed by their current and prior behavior. When this default

21

judgment was obtained, Zachter Defendants wrongfully seized Plaintiff MPA's funds. Now, Zachter Defendants are doubling down on their fraudulent scheme and are refusing to give back Plaintiff MPA's funds even after a court order which extinguishes Zachter Defendants' legal basis to restrain the funds.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully submit that this Court deny Zachter Defendants' Motion to Dismiss in its entirety, together with granting Plaintiffs all such other and further relief as is just and equitable.

Dated: January 26, 2024

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiffs**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

22