UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
```
                                                              :
RIAZ AHMED SHAD *and* MONROE PLACE                            :
ASSOCIATION,                                                  :
                                                              :
                                        Plaintiffs,          :
                                                              :
                            -v -                              :
                                                              :
ZACHTER PLLC, *et al.,*                                       :
                                                              :
                                        Defendants.          :
                                                              :
```
------------------------------------------------------------- X
```
GREGORY H. WOODS, United States District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/3/2024

1:23-cv-10724-GHW-SDA

<u>AMENDED ORDER</u>

Plaintiffs allege that in an underlying civil action, a third-party service provider, hired by their opponent's law firm, attempted to serve Plaintiffs at an address that does not exist.  The service provider signed an affidavit under oath, attesting that service was properly effectuated, when it in fact was not.  Notwithstanding the fact that the conduct of which Plaintiffs complain is that of a third party and not the law firm, Plaintiffs brought suit against the law firm and one of its attorneys for fraud, conversion, conspiracy, and a number of other claims relating to the third party's conduct.

Unsurprisingly, Magistrate Judge Aaron concluded that Plaintiffs failed to state a claim because, centrally, the conduct complained of was that of a third party and not the law firm or its attorney.  Specifically, Judge Aaron found that Plaintiffs failed to plausibly allege that the law firm and its attorney had any knowledge or intent regarding the third party-provided false affidavit of service.  Nor did Plaintiffs plausibly allege that these defendants owed any duty to Plaintiffs, are holding any funds belonging to Plaintiffs, or engaged in any egregious, extreme, or outrageous conduct by trusting a third party's sworn affidavit.  Accordingly, Judge Aaron determined that Plaintiffs' amended complaint should be dismissed for failure to state a claim for any of their causes of action.

The Court agrees with Judge Aaron:  in failing to adequately allege wrongdoing on the part of the law firm and its attorney, as opposed to the third-party service provider, Plaintiffs' claims against these defendants are dismissed.  Accordingly, the Court adopts the R&R in full.

## I.     BACKGROUND

The Court refers to the Report and Recommendation for a comprehensive description of the facts and procedural history of this case.  *See* Dkt. No. 19 (the "R&R") at 1–6.  In short, Plaintiffs alleged that RPG Ocean Holdings, LLC ("RPG"), along with RPG's attorney, Jeffrey Steven Zachter, and Zachter PLLC (the "Zachter Firm" and, together with Mr. Zachter, the "Zachter Defendants"), "'engaged in sewer service' and never served the Summons and Complaint upon Shad in the Underlying Action."  *See id.* at 1–2.  This conduct resulted in a default judgment being wrongly entered against Shad in the underlying action.  *See id.* (citing Dkt. No. 1-2 (the "FAC") ¶¶ 12–14); *see also RPG Ocean Holdings, LLC d/b/a Ocean Lending Group v. Riaz Ahmed Shad* (CV-004329-20/NY) (the "Underlying Action").  Plaintiffs brought claims against the Zachter Defendants and RPG—the Zachter Firm's client in the Underlying Action—for fraud, conversion, negligence, intentional infliction of emotional distress ("IIED"), civil conspiracy, unjust enrichment, and violations of New York Judiciary Law § 487.

On March 7, 2024, Magistrate Judge Aaron issued a Report and Recommendation recommending that the Court grant Defendants' 12(b)(6) motion to dismiss for failure to state a claim.  In the R&R, Judge Aaron determined that Plaintiffs' amended complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for any of their causes of action—in short, because the underlying conduct of which Plaintiffs complain is that of a third-party service provider and not the Zachter Defendants.  *See generally* R&R.

On March 21, 2024, Plaintiffs filed timely objections to the R&R.  Dkt. No. 20 (the "Objections").  One week later, Defendants responded to the Objections.  Dkt. No. 22 (the

2

"Response").

Because the Court finds that Judge Aaron's conclusions were sound, the Court adopts in full Judge Aaron's recommendation that the Zachter Defendants' motion to dismiss be granted.

## II. STANDARD OF REVIEW

District courts may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citations omitted).

## III. DISCUSSION

The Court treats Plaintiffs' objections to Judge Aaron's conclusions as sufficiently precise to merit *de novo* review. Plaintiffs timely objected, and their objections are generally "specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F.

3

Supp. 2d 542, 547 (S.D.N.Y. 2009) (citation omitted).[1]  Therefore, the Court reviews these

conclusions *de novo*.

### A.  Fraud

Judge Aaron correctly concluded that Plaintiffs failed to state a claim for fraud under New

York law.  *See* R&R at 7–9.  Judge Aaron observed that "the Affidavit of Service upon

which Plaintiffs' fraud claim is based was signed under oath by [Mike] Sornberger, who was the

process server in Minnesota, not by the Zachter Defendants."  *Id.* at 8.[2]  He rightly reasoned that

"Plaintiffs have not plausibly alleged knowledge or intent with respect to the Zachter Defendants"

because Plaintiffs have made "no attempt . . . to explain how or why the Zachter Defendants knew

that the Affidavit of Service was false or that the Zachter Defendant intended to submit an

erroneous affidavit of service."  *Id.* at 8–9 (citing *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir.

2013) (summary order) ("A process server's sworn statement of service creates a presumption that

service has been effectuated.")).

Plaintiffs object to this conclusion, arguing that, first, the Zachter Defendants had

knowledge and intent because the "Zachter Defendants acknowledge that they were furnished with

the affidavit of service, they received no communications from Plaintiff Shad before and after

obtaining the Default Judgment, and Plaintiff Shad did not appear in court."  Objections at 5–6.

Second, Plaintiffs argue that the Zachter Defendants had knowledge and intent because they had

previously "improperly filed documents and obtained favorable judgments from the use of faulty

court documents."  *Id.*  Third, Plaintiffs argue that "[i]n addition to the faulty Affidavit of Service

filed by Zachter Defendants' agent, the subsequent enforcement of the corresponding Restraining

---

[1] *See also Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record").

[2] Mr. Sornberger was employed by a process serving company called Platinum Courier.  *See* FAC ¶¶ 5–6.

Notice gives rise to a strong inference of fraudulent intent" because of an apparent typo in the restraining notice. *Id.* at 6.

The Court is not persuaded. Conclusory allegations of knowledge and intent are insufficient, particularly given the pleading requirements of Rule 9(b), which Plaintiffs agree applies. *See* Objections at 5; *see also Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402–03 (2d Cir. 2015) ("A claim for common law fraud is subject to the particularity pleading requirements of Federal Rule of Civil Procedure 9(b), 'which requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004)). And "[u]nder New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421 (1996)).

Here, Plaintiffs failed to adequately plead, with particularity, that the Zachter Defendants knew that the address listed in the sworn affidavit of service was false. *See* R&R at 8 (citing *De Curtis*, 529 F. App'x at 86); *cf. Old Republic Ins. Co. V. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (noting that generally, a process server's affidavit of service establishes a presumption of proper service (citing *Nyctl 1997–1 Trust v. Nillas*, 288 A.D.2d 279 (2d Dep't 2001)). Having received no communications from an apparently defaulting defendant is not unusual, but indeed the norm with default judgment proceedings. The reason why a plaintiff moves for default is, of course, because the defendant has not appeared and has defaulted.

Nor have Plaintiffs adequately stated a claim for fraud on the basis of the apparent typo in

the restraining notice, in which the Zachter Defendants allegedly listed of the venue as the Supreme Court of the State of New York, County of New York, instead of the Civil Court of New York, County of New York—which is where the Underlying Action was actually filed.  *See* FAC ¶ 44. Plaintiffs cite to two cases in support of this argument: *Pludeman v. Northern Leasing Sys., Inc.* and *Eurycleia Partners, LP v. Seward & Kissel, LLP.  Pludeman* and *Eurycleia* generally stand for the proposition that the pleading requirements of "CPLR 3016(b) [are] satisfied when the facts suffice to permit a 'reasonable inference' of the alleged misconduct.'  And, 'in certain cases, less than plainly observable facts may be supplemented by the circumstances surrounding the alleged fraud.'"  *See Eurycleia*, 12 N.Y.3d 553, 559 (2009) (quoting *Pludeman*, 10 N.Y.3d 486, 492–93 (2008)).

Importantly, the *Eurycleia* Court did not find that fraud was plausibly alleged, *see id.* at 560–62, and the *Pludeman* Court addressed "not an isolated incident, but rather a nationwide scheme that took place over a number of years," 10 N.Y.3d at 493.  There, the lack of "specific details of each individual defendant's conduct" was not dispositive because the court found that "[t]he very nature of the scheme, as alleged, gives rise to the reasonable inference . . . that the [defendants] . . . knew of and/or were involved in the fraud."  *Id.*  The facts alleged in *Pludeman* are not at all akin to the allegations in this case, which consist of conclusory allegations of knowledge of a faulty affidavit, and a misstated venue on a restraining notice.  *See also Vasquez v. Walmart, Inc.*, No. 22-CV-06215 (JPO), 2023 WL 8257999, at *5 (S.D.N.Y. Nov. 29, 2023) ("[T]he simple knowledge that a statement is false is not sufficient to establish fraudulent intent . . . ." (internal quotation marks, alterations, and citation omitted)).

Thus, the Court agrees with Judge Aaron:  "Plaintiffs have not plausibly alleged knowledge or intent with respect to the Zachter Defendants" because Plaintiffs have failed to adequately plead "how or why the Zachter Defendants knew that the Affidavit of Service was false or that the Zachter Defendant intended to submit an erroneous affidavit of service."  *See* R&R at 8–9.

Accordingly, Plaintiffs' fraud claim against the Zachter Defendants is dismissed.

### B. Conversion

Judge Aaron also correctly concluded that Plaintiffs failed to state a claim for conversion because "Plaintiffs do not aver any facts to support" their "conclusory" allegation "that the Zachter Defendants, in addition to RPG, are exercising control over Plaintiffs' property or that they are interfering with it." *See* R&R at 9–10 (citing FAC ¶¶ 106–16). As Judge Aaron rightly observed, Plaintiffs "conversion claim is premised on the Zachter Defendants preparing the paperwork to effectuate judgment enforcement on behalf of their client (RPG), and Plaintiffs' allegation that the Zachter Defendants 'still have not instructed Defendant RPG to return the wrongfully seized funds, in the amount of $11,884.14, to Plaintiff MPA.'" *Id.* at 10 (quoting FAC ¶ 113). But "at the time the default judgment was entered, [the Zachter Defendants] had no reason to doubt the veracity of the Affidavit of Service." *Id.* Judge Aaron added that, in any case, "Plaintiffs have not plausibly alleged that the Zachter Defendants are holding any funds belonging to Plaintiffs." *Id.* Judge Aaron therefore dismissed this claim.

Plaintiffs object, arguing that the Zachter Defendants "inferre[d] with Plaintiff's property" through the faulty affidavit of service. Objections at 9. And they argue that the "Zachter Defendants interference with Plaintiff MPA's funds was fraudulent[] in that Plaintiff MPA was not the debtor who was named," since Plaintiff Shad's information was listed instead on the restraining notice; "and [the] Zachter Defendants enforced the Restraining Notice without first initiating a turnover proceeding." *Id.* This is a new argument that has not been briefed previously, was not before Judge Aaron, and is not responsive to Judge Aaron's reasoned R&R. "In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal quotation

marks and citations omitted).  Accordingly, this objection does not move the Court.  The conversion claim is dismissed.

### C.  New York Judiciary Law

In addition, Judge Aaron rightly dismissed Plaintiffs' claim under New York Judiciary Law § 487.  He did so because Plaintiffs failed to adequately plead that the Zachter Defendants engaged in "egregious conduct."  *See* R&R at 11–12 (citing *Ray v. Watnick*, 182 F. Supp. 3d 23, 28 (S.D.N.Y. 2016); *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 615 (1st Dep't 2015)).  Specifically, Judge Aaron concluded that Plaintiffs pleaded "no plausible basis . . . to allege that the Zachter Defendants, as opposed to Sornberger, engaged in egregious conduct," nor were there any allegations of "chronic or extreme behavior by the Zachter Defendants."  *Id.* at 12.

Plaintiffs object, arguing that any "liability stemming from Mr. Sornberger's fraudulent actions . . . can be imputed to Zachter Defendants via the principles of agency law."  Objections at 10 (citing *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 457 (2010); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 413 (S.D.N.Y. 2010)).  And Plaintiffs argue that the "Zachter Defendants acted in direct violation of New York Civil Practice Law and Rules by enforcing a Restraining Notice without first initiating a turnover proceeding."  *Id.*  Last, Plaintiffs argue that "chronic and extreme behavior has also been detailed through the description of Zachter Defendants past fraudulent and faulty practices" in other cases.  *See id.*

These arguments are unavailing.  First, *Sykes* does not rely on (or even discuss) an agency theory of liability at all.  *See generally* 757 F. Supp. 2d 413.  While the *Sykes* Court permitted a claim for violations of Section 487 of the New York Judiciary Law to withstand a motion to dismiss, it did so where the plaintiff had alleged a vast "scheme" of abusive debt collection practices involving tens of thousands of affidavits and over 100,000 debt collection actions—much unlike the facts as alleged here.  *See id.* at 419–20.  And *Kirschner* addressed agency principles in the context of the

imputed liability that corporations may incur via the acts of their corporate officer-agents. *See* 15 N.Y.3d at 465–66 (explaining these agency principles and stating that "all corporate acts—including fraudulent ones—are subject to the presumption of imputation"). Plaintiffs have not identified any caselaw for the proposition that an attorney is generally liable for the acts of an independent process server who has filed a sworn affidavit that service was proper. *But see, e.g.*, *Bockian v. Esanu Katsky Korins & Siger*, 476 N.Y.S.2d 1009 (Sup. Ct. 1984) ("An attorney does not generally retain a sufficient degree of control over an independent process server's performance of his duties as would be necessary to render the process server an agent or employee of the attorney.").

Even if Plaintiffs had done so, Judge Aaron was correct in concluding that the conduct alleged here does not suffice to state a claim under the Judiciary Law. Section 487 provides, in pertinent part, that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and . . . he forfeits to the party injured treble damages, to be recovered in a civil action." N.Y. Judiciary Law § 487. As the Second Circuit observed in *Amalfitano v. Rosenberg*:

> It would appear that some courts in New York have imposed an additional prerequisite to recovery: that the plaintiff in a section 487 action show "a chronic and extreme pattern" of legal delinquency by the defendant. That requirement appears nowhere in the text of the statute, however, and other courts have found attorneys liable under the statute for a single intentionally deceitful or collusive act.

533 F.3d 117, 123 (2d Cir.), *certified question accepted*, 11 N.Y.3d 728 (2008), *and certified question answered*, 12 N.Y.3d 8 (2009) (citations omitted); *see also id.* n.6 ("A few courts have gone further and held or suggested that a 'chronic, extreme pattern of legal delinquency' is by itself sufficient for section 487 liability. It seems to us that a plain reading of the statute does not support this interpretation, but we need not reach that question in this case."). Here, Plaintiffs have not adequately pleaded that the Zachter Defendants acted with an "intent to deceive" as required by the statute. As Judge Aaron correctly found, Plaintiffs have not adequately alleged any knowledge (let alone "intent to deceive")

on the part of the Zachter Defendants that the sworn affidavit was faulty, or that service was improper at the time that the Zachter Defendants sought default judgment on their client's behalf. Accordingly, Plaintiffs have failed to state a claim under Section 487 of the Judiciary Act.

### D. Negligence

Judge Aaron also correctly concluded that because Plaintiffs failed to adequately plead that the Zachter Defendants owed any duty to Plaintiffs, "Plaintiffs cannot state a negligence claim against the Zachter Defendants." *See* R&R at 12–13 (citing*, inter alia*, *Benzemann v. Citibank N.A.*, 149 A.D.3d 586, 586 (1st Dep't 2017); *Ilkowitz v. Durand*, No. 17-CV-00773 (PGG), 2018 WL 1595987, at *12 (S.D.N.Y. Mar. 27, 2018) ("[I]t is well settled 'that an attorney may not be held liable for negligence in the provision of professional services adversely affecting one with whom the attorney is not in contractual privity.'")).

Plaintiffs object, citing a portion of *Benzemann* in which the *Benzemann* Court suggests that a claim for malice against one's opponent's attorneys may stand where there are either "allegations of privity or near-privity between the . . . defendants and plaintiffs" or "non-conclusory allegations of their 'fraud, collusion, malice or bad faith.'" *See* 149 A.D.3d at 586 (quoting *Pecile v. Titan Cap. Grp., LLC*, 96 A.D.3d 543, 544 (2012)); Objections at 11. Plaintiffs argue that, here, "there exists fraud, collusion, malice, and bad faith in this case on behalf of the Zachter Defendants with regards to their agent's filing of a fraudulent affidavit of service in order to obtain a faulty default judgment and their fraudulent and legally improper enforcement of the subject Restraining Notice." Objections at 12. But here, as in *Benzemann* and *Pecile*, any such allegations are conclusory at best: "[t]o the extent the complaint alleges fraud, collusion, malice or bad faith on the part of the . . . defendants, the allegations are wholly conclusory and insufficient to state a claim. Indeed, the allegations in the complaint do not suggest that the . . . defendants 'acted in any capacity other than as an attorney.'" *Pecile*, 96 A.D.3d at 544 (citation omitted). Merely alleging that the Zachter Defendants trusted a

sworn affidavit—ordinary practice in the legal field—does not suffice to adequately plead a claim for negligence.

### E.  Intentional Infliction of Emotional Distress

Moreover, Judge Aaron correctly concluded that Plaintiffs failed to adequately allege "extreme or outrageous" conduct by the Zachter Defendants; nor did the FAC "suggest that the Zachter Defendants, as opposed to RPG, are holding any funds belonging to Plaintiffs nor [did the FAC suggest] any indication that the Zachter Defendants acted with the requisite intent."  *See* R&R at 14.  Plaintiffs object, again citing to the Zachter Defendants' alleged conduct in another case.  *See* Objections at 13 (arguing that the "Zachter Defendants have [a] prior history of 'extreme and outrageous' conduct").  This argument does not move the Court, which agrees with Judge Aaron that the allegations do not rise to the level of "extreme or outrageous" conduct required to state a claim for intentional infliction of emotional distress.  *See* R&R at 14.

### F.  Civil Conspiracy

Judge Aaron also correctly concluded that Plaintiffs failed to state a claim for civil conspiracy because "the underlying tort[s] [were] not properly alleged . . . ."  *Id.* (citing *Kalola v. Int'l Bus. Machines Corp.*, No. 19-CV-09900 (VB), 2019 WL 6879307, at *4 (S.D.N.Y. Dec. 16, 2019) (dismissing civil conspiracy claim where "the complaint fail[ed] to state a cognizable tort claim")).  Because the Court agrees with Judge Aaron that the tort claims discussed above are dismissed, the Court finds that Plaintiffs failed to state a claim against the Zachter Defendants for civil conspiracy.

### G.  Unjust Enrichment

Last, Judge Aaron correctly concluded that Plaintiffs failed to state a claim against the Zachter Defendants for unjust enrichment because "there is nothing pled in the FAC to suggest that the Zachter Defendants, as opposed to RPG, are holding any funds belonging to Plaintiffs."  *See* R&R at 15.  In the objections, Plaintiffs agree with this statement, but they argue that unjust

enrichment nonetheless "exists here in that Zachter Defendants were unjustly compensated through legal fee payments by RPG for their fraudulent and underhanded tactics. Thus, the 'benefit' that defendant[s] received were legal fee payments from RPG- to the detriment of Plaintiff Shad . . . ." Objections at 14. Plaintiffs cite to no caselaw in support of this novel theory, and the Court is aware of none.[3] Accordingly, the Court adopts Judge Aaron's finding that Plaintiffs failed to state a claim against the Zachter Defendants for unjust enrichment.

## IV.   LEAVE TO AMEND

Judge Aaron did not make an express recommendation on whether leave to amend the complaint should be granted. *See* R&R at 16 ("not[ing] that Plaintiffs did not request leave to amend") & n12 ("Where a plaintiff does not request leave to amend, a district court may decline to grant leave to amend *sua sponte*." (citations omitted)). In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("Under Rule 15(a)(2), leave to amend should be freely given unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962)). "[I]t is within the sound discretion of the district court

---

[3] Plaintiffs cite to only *Shih v. Petal Card, Inc.*, which restates the elements of unjust enrichment and is otherwise irrelevant to their argument. *See* No. 18-CV-05495 (JFK), 2020 WL 5659429, at *14 (S.D.N.Y. Sept. 23, 2020).

to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).  "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA*, 758 F.3d at 505.

When filing their amended complaint, Plaintiffs had not yet had the benefit of the Court's analysis on Defendants' motion to dismiss. *Cf. Payne v. Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) (denying leave to amend where "Plaintiff was provided notice of his pleading deficiencies and the opportunity to cure them"); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F.Supp.2d 222, 242 (S.D.N.Y. 2005) (similar), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).  Because the pleading deficiencies identified in the R&R might be corrected, amendment is not necessarily futile.  Accordingly, leave to amend is granted to cure the deficiencies identified in the R&R and the Court's opinion adopting it.  Any amended complaint must be filed within fourteen days from the date of this opinion.

## V.  CONCLUSION

For these reasons, the Court accepts and adopts Judge Aaron's R&R in full.  The Zachter Defendants' motion to dismiss Plaintiff's amended complaint is granted, without prejudice.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 11, 12, and 13.

SO ORDERED.

Dated:  May 3, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge