UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Riaz Ahmed Shad, et al.,

                               Plaintiffs,

          -against-

RPG Ocean Holdings, LLC,

                               Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/30/2024

1:23-cv-10724 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

For the reasons stated on the record during the telephone conference held today in the above-captioned case, at which counsel for Plaintiffs appeared, and where the Court explained why it directed the Clerk of Court's Office Staff to vacate a Certificate of Default that was previously entered (Vacated Cert. of Default, ECF No. 32; 5/30/24 Minute Entry),[1] it is hereby

---

[1] As the Court indicated during today's conference, the summons for RPG Ocean Holdings, LLC ("RPG"), does not appear to have been properly served. (*See* RPG Summons, ECF No. 29.) Rule 4(h)(1) of the Federal Rules of Civil Procedure provide that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" may be served in the manner prescribed by Rule 4(e)(1) of the Federal Rules of Civil Procedure, which provides the rules for serving an individual. Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service of process in accordance with the service rules of the state where the district court is located or where service is made. Because the Southern District of New York is located in the state of New York, the Court refers to the service of process rules for New York.

Section 311(a)(1) of the New York Civil Practice Law and Rules ("CPLR") permits personal service upon a corporation in accordance with Section 306 of the New York Business Corporation Law ("BCL"). N.Y. C.P.L.R. § 311(a)(1). Section 306(b)(1) of the BCL provides for service of process as agent of a domestic corporation "by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee." N.Y. Bus. Corp. Law § 306(b)(1); *see Shanker v. 119 E. 30th Ltd.*, 63 A.D.3d 553, 553 (1st Dep't 2009) ("Jurisdiction [is] obtained over [the] corporate defendant by service of process on the Secretary of State irrespective of whether the process ever actually reached defendant.").

Similarly, under New York law, limited liability companies may be served by "delivering a copy personally to (i) any member of the limited liability company . . . if the management of the limited liability company is vested in its members, (ii) any manager . . . if the management of the [company] is vested in one or

**ORDERED**, that no later than July 1, 2024, counsel for Plaintiffs shall either (a) submit an amended affidavit of service and/or supporting declarations indicating that service of process was properly effectuated in accordance with New York law, or (b) otherwise serve RPG in accordance with the Federal Rules of Civil Procedure and file proof of such service to the ECF docket.

**SO ORDERED.**

Dated: New York, New York
       May 30, 2024

_____
STEWART D. AARON
United States Magistrate Judge

---

more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant." N.Y. C.P.L.R § 311-A(a); *see* N.Y. Ltd. Liab. Co. Law Sec. 303(a) (permitting service of process by personal delivery to the Secretary of State, requiring "duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement"). "For service on a limited liability company via the Secretary of State, a serving plaintiff must comply strictly with the statutory requirements[.]" *Dominguez v. Hernandez*, No. 21-CV-07051 (MKB) (VMS), 2023 WL 2575224, at *9 (E.D.N.Y. Feb. 22, 2023), *report & recommendation adopted*, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023).

While Plaintiffs' Affirmation in Support of the Proposed Certificate of Default (Pls.' Aff., ECF No. 31), states that RPG was served on January 31, 2024, neither that Affidavit nor the Affidavit of Service at ECF No. 29 provides all the facts necessary to show that service complied with the BCL or New York's Limited Liability Law's provisions for effectuating service by way of the Secretary of State. That is, Plaintiffs have not shown that duplicate copies of the summons were delivered and that the statutory fee was paid to the Secretary of State.