USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                        :
RIAZ AHMED SHAD *and* MONROE PLACE     :
ASSOCIATION,                                        :
                                                        :      1:23-cv-10724-GHW-SDA
                                     Plaintiffs,  :
                                                        :           ORDER
                        -v -                        :
                                                        :
ZACHTER PLLC, *et al.*,                        :
                                                        :
                                     Defendants.  :
                                                         :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

       This action was removed from the Supreme Court of the State of New York, County of New York, on December 8, 2023. Dkt. No. 1. As the basis for this Court's subject matter jurisdiction, then-defendants Zachter PLLC and Jeffrey Steven Zachter (the "Zachter Defendants") invoked 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ¶ 11. The Court later granted the Zachter Defendants' motion to dismiss, Dkt. No. 25, and Plaintiffs now seek an entry of default judgment against the remaining defendant, RPG Ocean Holdings, LLC ("RPG"), Dkt. No. 47.

       By Order to Show Cause dated December 5, 2024, the Court advised Plaintiffs that the parties have not provided the details necessary to establish diversity jurisdiction. Dkt. No. 57. The Order to Show Cause explained that to establish diversity jurisdiction under 28 U.S.C. § 1332, "there must be complete diversity of citizenship, such that '*each* defendant is a citizen of a different State from *each* plaintiff.'" *Id.* at 2 (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original)). The order explained that Defendant RPG is a limited liability company, and that a limited liability company "takes the citizenship of each of its members." *Id.* (quoting *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)). The order then explained:

> The parties have not provided the necessary details to establish that diversity jurisdiction is satisfied. The Amended Complaint alleges that RPG's "principal place of business" is located in Garden City, New York. Dkt. No. 1-2 ¶ 7. However, RPG is a limited liability company. The Amended Complaint does not allege the citizenship of RPG's members. *See generally* Dkt. No. 1-2. Accordingly, on February 1, 2024, Judge Aaron ordered the Zachter Defendants to show cause why, among other things, there was complete diversity in this action, including by providing "the citizenship of [RPG's] members." Dkt. No. 15 at 3. On February 16, 2024, the Zachter Defendants' counsel responded to other issues raised in Judge Aaron's order to show cause, but stated that they did not know the citizenship of RPG's members. Dkt. No. 17 at 3 ("Plaintiffs' counsel . . . request[ed] that the Zachter Defendants provide personal contact information for RPG and/or its members . . . The Zachter Defendants advised us that they were not at liberty to divulge such information.").
>
> However, a party's "lack of knowledge of the membership of a limited liability company" is not a defense to dismissal for lack of subject matter jurisdiction. *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 182 (E.D.N.Y. 2022). The Court must be provided with, at a minimum, a well-pleaded "allegation as to the identity or citizenship of [the LLC's] members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (observing that an allegation that an LLC "is a citizen of a different state" than the plaintiff "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory"); *see also ANHAM USA, Inc. v. Afghan Glob. Ins., Ltd.*, No. 23-CV-2763 (CS), 2024 WL 3362991, at *7 (S.D.N.Y. July 10, 2024) ("[D]istrict courts in this Circuit regularly hold that allegations that none of the members of . . . a defendant limited liability company are citizens of the same state as the plaintiff are insufficient to invoke diversity jurisdiction." (alterations, internal quotation marks, and citations omitted) (collecting cases)). Thus, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

*Id.* at 2–3.

Accordingly, the Court ordered Plaintiffs to show cause by December 12, 2024 why this action should not be remanded for lack of subject matter jurisdiction. *Id.* at 3. It is now December 13, 2024, and Plaintiffs have not responded to the Court's Order to Show Cause. The Court therefore finds that the notice of removal, and the parties' subsequent materials submitted to the Court in this case, are "deficient with respect to diversity of the parties since [they] lack[] any information about the citizenship of the individual members of the defendant limited liability company." *Phoenix Energy Mgmt., Inc. v. Maverick Engineered Prod. LLC*, No. 21-CV-0320, 2021 WL 738708, at *1 (E.D.N.Y. Feb. 10, 2021), *report and recommendation adopted*, No. 21-CV-0320, 2021 WL

736421 (E.D.N.Y. Feb. 25, 2021).

In a case that has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because the parties have not established that this court has subject matter jurisdiction, this matter is remanded back to the Supreme Court of the State of New York, County of New York.

The Clerk of the Court is directed to: (1) remand this matter to the Supreme Court of the State of New York, County of New York without delay; and (2) close this case.

SO ORDERED.

Dated: December 13, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge